**EXHIBIT A**



Yongmoon Kim (NJ Atty. ID #026122011)
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Telephone & Fax (201) 273-7117
ykim@kimlf.com

Ronald I. LeVine (NJ Atty. ID #278801972)
ron@ronlevinelaw.com
Eileen L. Linarducci (NJ Atty. ID #030891983)
elinarducci@ronlevinelaw.com
LAW OFFICE OF RONALD I. LEVINE, ESQ.
210 River Street, Suite 11
Hackensack, New Jersey 07601
Tel. (201) 489-7900
Fax (201) 489-1395

*Attorneys for Plaintiff Edward Scibilia*

| | |
|---|---|
| EDWARD SCIBILIA, *on behalf of himself and those similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>FINANCIAL RECOVERY SERVICES, INC.; and JOHN DOES 1 to 10,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br><br>Civil Action<br><br>Docket No. ESX-L-3924-21<br><br>**SUMMONS** |

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, have filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in

foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs' attorneys whose names and addresses appear above, or to plaintiffs, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiffs demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Dated: May 20, 2021

*/s/ Michelle M. Smith*
Michelle M. Smith
Clerk of the Superior Court of New Jersey

Name of Defendant to be served:              **Financial Recovery Services, Inc.**

Address of Defendant to be served:           **c/o C T Corporation System**
                                             **820 Bear Tavern Road**
                                             **West Trenton, New Jersey 08628**

Yongmoon Kim (NJ Atty. ID #026122011)
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Telephone & Fax (201) 273-7117
ykim@kimlf.com

Ronald I. LeVine (NJ Atty. ID #278801972)
ron@ronlevinelaw.com
Eileen L. Linarducci (NJ Atty. ID #030891983)
elinarducci@ronlevinelaw.com
LAW OFFICE OF RONALD I. LEVINE, ESQ.
210 River Street, Suite 11
Hackensack, New Jersey 07601
Tel. (201) 489-7900
Fax (201) 489-1395

*Attorneys for Plaintiff Edward Scibilia*

| | |
|---|---|
| EDWARD SCIBILIA, *on behalf of himself and those similarly situated,* | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY |
| Plaintiff, | Civil Action |
| | Docket No. |
| vs. | **CLASS ACTION COMPLAINT and JURY DEMAND** |
| FINANCIAL RECOVERY SERVICES, INC.; and JOHN DOES 1 to 10, | |
| Defendants. | |

Plaintiff Edward Scibilia, individually and on behalf of those similarly situated, by way of Class Action Complaint against Defendants Financial Recovery Services, Inc., and John Does 1 to 10, state:

### NATURE OF THE CASE

1.     This is a putative class action arising from Defendants' unlawful disclosure of private financial information to third parties without the prior consent of the consumers.

2.      The Fair Debt Collection Practices Act prohibits the disclosure of information to

third parties to prevent identity theft and invasions of privacy. As the National Consumer Law

Center put it eloquently:

> As the world has gone digital, consumers' records, both financial and otherwise,
> are increasingly vulnerable to exposure. Transactions that were once fleeting,
> recorded only on paper and filed in some cabinet, or perhaps reduced to
> microfiche, are now but mouse-clicks away from duplication and dissemination.

> Unregulated databases, escalating numbers of mergers, and the proliferation of
> information brokers—private investigators who specialize in obtaining
> computerized records—all threaten privacy. As was noted in Congress,
> "databases of personal identifiable information are increasingly prime targets of
> hackers, identity thieves, rogue employees, and other criminals, including
> organized and sophisticated criminal operations."

> The internet raises particular privacy concerns, as information sent over the World
> Wide Web may pass through dozens of different computer systems, each of which
> can snatch and hold the information in its coffers. In addition, website owners can
> track consumers' online behavior and gather information about their preferences,
> often without their knowledge. Web bugs, or tiny graphics that are put into web
> pages and e-mails, can monitor who views the information. Clickstream data can
> tell website owners which pages of the site were viewed and for how long.
> "Cookies" dropped onto a computer may not identify the user by name but do
> identify the particular computer, which allows an interested party to assemble a
> great deal of information about that computer's user.

> Financial information is especially sensitive, able to reveal not just a consumer's
> standard of living and debt load, but also personal preferences and lifestyle details
> ranging from books bought to prescriptions purchased. In *California Bankers
> Ass'n v. Shultz*, Justice Powell pointed out that "[f]inancial transactions can reveal
> much about a person's activities, associations, and beliefs." Justice Douglas
> elaborated further:

> A checking account . . . [m]ay well record a citizen's activities, opinion, and
> beliefs as fully as transcripts of his telephone conversations . . . In a sense a
> person is defined by the checks he writes. By examining them the agents get to
> know his doctors, lawyers, creditors, political allies, social connections, religious
> affiliation, educational interests, the papers and magazines he reads, and so on ad
> infinitum.

> The same can be said of credit card charges, debit purchases, and online
> transactions. Forty years later, the details of these revealing consumer activities
> are easily collected, compiled, analyzed, and accessed, and thus have created a

> lucrative market for their trade. One industry leader among data aggregation companies, Acxiom, advertises that it has data on 2.5 billion consumers. Acxiom claims that one of its products covering American consumers has data on 250 million consumers, offering data not just on individual demographics, but also household characteristics, financial information, life events, major purchases, and behavior, all of which allows for targeted marketing. Experian reports that it manages data on more than 300 million consumers and 126 million households, while Equifax claims a database of over 115 million U.S. households distributed over 150 different segment groups, which can be used to predict behavior. In 2017, Equifax suffered a data breach that involved the personal data on nearly half the United States population being stolen, a breach that a Congressional committee found to have been "entirely preventable." In 2014, the Federal Trade Commission filed a complaint against another data broker that allegedly bought the payday loan applications of consumers and then sold the information to marketers with no legitimate need for it, leading some scammers among them to debit millions from the consumers' accounts.

National Consumer Law Center, Fair Credit Reporting (9th ed. 2017) § 18.1, *updated at*

www.nclc.org/library (footnotes omitted and alterations in original) (attached as ***Exhibit A***).

   3.   For example, in enacting the FDCPA, Congress found "abundant evidence of the

use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive

debt collection practices contribute to the number of personal bankruptcies, to marital instability,

to the loss of jobs, and **to invasions of individual privacy**. 15 U.S.C. § 1692(a). *See also*

*Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303-04 (3d Cir. 2014) ("The disclosure of

[the consumer's] account number raises these privacy concerns. The account number is a core

piece of information pertaining to [the consumer's] status as a debtor and Convergent's debt

collection effort. Disclosed to the public, it could be used to expose her financial predicament.

Because Convergent's disclosure implicates core privacy concerns, it cannot be deemed

benign.").

   4.   Despite the *Douglass* ruling, Defendant continues to misuse and unlawfully

disclose private financial information about consumers to third-parties.

   5.   Defendant's disclosure of sensitive financial information to third parties is an act

consistent with a course of conduct and practice which was either designed to, or had as its natural consequence, an attempt to obtain money from consumers through the use of false, misleading, deceptive, abusive, unfair, unconscionable, and unlawful conduct prohibited by common law and statutory law including, but not limited to, the Consumer Fraud Act ("CFA"), N.J.S.A. 56:8-1, *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*

6.      Defendant is subject to strict liability under the FDCPA for the prohibited communication with third parties "without the prior consent of the consumer given directly to the debt collector . . . in connection with the collection of [the] debt, with any person other than the consumer . . . ." 15 U.S.C. § 1692c(b) and for violating 15 U.S.C. § 1692d(3).

7.      Thus, Plaintiff bring this class action for damages against Defendant arising from Defendant's unlawful disclosure of sensitive and confidential personal identifying and financial information, when attempting to collect debts from New Jersey consumers.

8.      Defendant is subject to strict liability under the FDCPA for communicating with third parties "without the prior consent of the consumer given directly to the debt collector . . . in connection with the collection of [the] debt, with any person other than the consumer . . . ."

**JURISDICTION AND VENUE**

9.      This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10.     Venue is proper in Essex County because Defendant regularly conducts business there, including the collection of debts against New Jersey residents residing in Essex County.

**PARTIES**

11.     Plaintiff, Edward Scibilia ("Scibilia"), is a natural person.

12.     "Plaintiff" refers to Scibilia.

**Page 4 of 16**

13. At all times relevant to this lawsuit, Plaintiff was a citizen of the State of New Jersey.

14. Defendant, Financial Recovery Services, Inc. ("Defendant" or "FRS") is a collection agency with an office located at 4510 West 77th Street, Suite 200, Edina, Minnesota 55435.

15. Defendants John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located within the United States and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendant that are the subject of this Complaint. Those defendants personally control the illegal acts, policies, and practices utilized by Defendant and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint. Those fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identity will be disclosed in discovery and should be made parties to this action.

16. Some or all of John Does 1-10 set the policies and practices complained of herein.

17. Some or all of John Does 1-10 were actively engaged in the practices complained of herein.

18. In this pleading, "Defendants" in the plural refers to all Defendants.

### FACTUAL ALLEGATIONS

**A.   Allegations Regarding Defendant's Practices Generally**

19. FRS regularly collects or attempts to collect debts that are past due.

20. FRS regularly collects or attempts to collect debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

21. FRS is in the business of collecting debts or alleged debts of natural persons

which arise from transactions which are primarily for personal, family, or household purposes.

22.     The alleged receivables associated with the debts were assigned to FRS for the purpose of collection.

23.     FRS uses the mails, telephone, the internet and other instruments of interstate commerce in engaging in the business of collecting defaulted debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

24.     FRS is a collection agency.

**B.      Plaintiff Scibilia**

25.     FRS has asserted that Scibilia allegedly incurred or owed a certain financial obligation arising out of a personal account.

26.     The debt arose from one or more transactions which were primarily for Scibilia's personal, family or household purposes.

27.     This account was assigned to FRS for collection.

28.     FRS contends that the account is past due and in default.

29.     The account was past due and in default at the time it was placed with or assigned to FRS for collection.

30.     In an attempt to collect the Debt, FRS mailed a collection letter to Scibilia on May 18, 2020 ("5/18/20 Letter") and August 12, 2020 ("8/12/20 Letter").

31.     A true copy of the FRS Letters[1], but with redactions, is attached as ***Exhibit B***.

32.     Scibilia received and reviewed the FRS Letters.

33.     Upon information and belief, the 5/18/20 Letter and 8/12/20 Letter were mailed

---

[1] "FRS Letters" refers to the 5/18/20 Letter and 8/12/20 Letter.

using a third-party letter vendor.

34.     Scibilia never provided consent to Defendant to communicate to third parties regarding his debt.

35.     By using a letter vendor, Defendant has recklessly disclosed Scibilia's personal identifying information and private information about his debt to a third party without Scibilia's prior consent.

36.     Defendant unlawfully disclosed information about Scibilia's debt including the account numbers associated with the debt and the alleged balance due.

37.     The FDCPA prohibits a debt collector from communicating with third parties "without the prior consent of the consumer given directly to the debt collector . . . in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector ."[2]

38.     The FDCPA also prohibits "[t]he publication of a list of consumers who allegedly refuse to pay debts . . . ."[3]

39.     Unlawfully communicating with a third party letter vendor regarding Plaintiff's Debt violates the FDCPA because it is impermissible communication under sections 1692c(b) and 1692d(3) which has the potential to cause harm to a consumer.[4]

40.     FRS used the same procedures it used in sending the FRS Letters to Plaintiff when sending the same and/or similar letters to numerous other New Jersey consumers.

---

[2] 15 U.S.C. § 1692c(b).
[3] 15 U.S.C. § 1692d(3).
[4] *See Hunstein v. Preferred Collection & Mgmt. Servs.*, __ F.3d __, 2021 U.S. App. LEXIS 11648 (11th Cir. 2021) (communicating with third party letter vendor violated the FDCPA).

41.     During the proposed class period, FRS sent letters the same or similar to the FRS Letters to numerous New Jersey consumers in an attempt to collect a debt.

42.     It is FRS's policy and practice to unlawfully communicate and convey private and sensitive information about consumers with third parties by using third party vendors to send written collection communications in attempts to collect consumer debts.

43.     Upon information and belief, FRS published a list of debtors, including Plaintiff, that allegedly refuse to pay debts.

## CLASS ACTION ALLEGATIONS

44.     Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 4:32 of the New Jersey Rules of Court.

45.     Subject to discovery and further investigation which may require Plaintiff to modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a class initially defined as follows:

> **Class**: All natural persons residing in State of New Jersey whose information was disclosed by Defendant to a third party on or after May 15, 2015, in an attempt to collect a Barclays account.
>
> > **FDCPA Subclass**: All natural persons residing in the State of New Jersey, to whom Defendant sent a collection letter; which letter (a) was dated within one year prior to May 15, 2021; (b) was seeking to collect a consumer debt allegedly owed to Barclays; and (c) was sent using a third party letter vendor.

46.     Plaintiff seeks to recover statutory damages, actual damages, and attorney's fees and costs on behalf of himself and all class members under the claims asserted herein.

47.     The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

48.     There are questions of law and fact common to the members of the Class that

predominate over questions affecting only individuals.

49.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense by avoiding thousands of individual suits that will be based on the same legal theories that can be resolved in a single proceeding.

50.     Plaintiff's claim is typical of the claims of the members of the Class. They are a member of the Class.

51.     The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

52.     Plaintiff does not have interests antagonistic to those of the Class.

53.     The Class, of which Plaintiff is a member, are readily identifiable. The Defendant has records of each account.

54.     Plaintiff will fairly and adequately protect the interests of the Class, and have retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

55.     The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendant in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not

parties to the adjudications or substantially impair or impede their ability to protect their

interests.  Prosecution as a class action will eliminate the possibility of repetitious litigation.

56.    Plaintiff does not anticipate any difficulty in the management of this litigation.

### FIRST COUNT
### DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF FOR THE CLASS

57.    Plaintiff repeats and realleges all prior allegations as if set forth at length herein.

58.    Defendant's prohibited disclosure of private and sensitive information constitute

unfair and unconscionable commercial practices and otherwise violate the Consumer Fraud Act

("CFA") at N.J.S.A. 56:8-2 and the FDCPA at 15 U.S.C. § 1692 *et seq.*

59.    Plaintiff suffered ascertainable loss from Defendant's CFA violations.

60.    Plaintiff therefore has standing to seek injunctive and other equitable relief under

the CFA, at N.J.S.A. 56:8-19, and the FDCPA.

61.    Moreover, under the Uniform Declaratory Judgments Law at N.J.S.A. 2A:16-53,

the Plaintiff and the putative Class members can seek declaratory relief.

62.    The Defendant and its agents or others acting on their behalf should be enjoined

from any further action or failing to take actions that result in any invasion of privacy, retain

benefits from its illegal acts by the use of protected private and financial information.

**WHEREFORE**, as to Count One, Plaintiff, on behalf of himself and the putative class

members, hereby requests a Judgment against Defendant, jointly and severally,

a. Granting class certification for class-wide equitable relief under R. 4:32-1(b)(2), and

issuing a declaratory judgment applicable to the Plaintiff and putative Class and

Subclass, pursuant to the Uniform Declaratory Judgments Law at N.J.S.A. 2A:16-53,

ruling that:

1.   Defendant violated the CFA.

2. · Defendant violated the FDCPA.

b. Granting a permanent injunction against the Defendant, pursuant to the CFA, at
N.J.S.A. 56:8-19, and the FDCPA prohibiting them from the disclosure of consumer's
information;

c. Directing the Defendant to provide equitable notice relief pursuant to the CFA and
FDCPA, providing for notice to Class members of the declaratory and injunctive ruling.

d. Awarding Plaintiff's counsel reasonable attorneys' fees and costs under the CFA;

e. For such other and further relief as the Court deems equitable and just.

### SECOND COUNT
### DAMAGES UNDER THE CONSUMER FRAUD ACT ON BEHALF OF THE CLASS

63.     Plaintiff repeats and realleges all prior allegations as if set forth at length herein.

64.     Defendant is a "person" within the meaning of the CFA at N.J.S.A. 56:8-1.

65.     Plaintiff and those similarly situated obtained "merchandise" within the meaning of
the CFA at N.J.S.A. 56:8-1.

66.     Defendant engaged in unconscionable commercial practices, deception, fraud,
false promises, false pretenses and/or misrepresentations in connection with the sale of
merchandise in violation of the CFA at N.J.S.A. 56:8-2.

67.     Defendant engaged in unconscionable commercial practices, deception, fraud,
false promises, false pretenses and/or misrepresentations in the subsequent performance of the
sale of merchandise in violation of the CFA at N.J.S.A. 56:8-2.

68.     Defendant committed unconscionable commercial practices, deception, fraud,
false promises, false pretenses and/or misrepresentations in direct violation of the CFA at
N.J.S.A. 56:8-2.

69.     As a result of Defendant's unlawful actions, Plaintiff and the Class members

**Page 11 of 16**

suffered ascertainable loss from Defendant's CFA violations, entitling them to treble damages under the CFA, at N.J.S.A. 56:8-19.

**WHEREFORE**, as to Count Two, Plaintiff, on behalf of himself and the putative Class members, hereby requests a Judgment against Defendant,

a.  Granting class certification of the Subclass under R. 4:32-1(b)(3);

b.  Awarding treble damages under the CFA, at N.J.S.A. 56:8-19;

c.  Alternatively awarding a refund of all moneys collected under the CFA, at N.J.S.A. 56:8-2.11;

d.  Awarding Plaintiff's counsel reasonable attorneys' fees and costs under the CFA, at N.J.S.A. 56:8-19;

e.  For pre-judgment and post-judgment interest; and

f.  For such other and further relief as the Court deems equitable and just.

## THIRD COUNT
### NEGLIGENCE ON BEHALF OF THE CLASS

70.   Plaintiff repeats and realleges all prior allegations as if set forth at length herein.

71.   Defendant owed the Plaintiff a duty to maintain the confidentiality of their private and financial information.

72.   Expert testimony is not required to establish that the disclosure of confidential and protected information breaches a commonly known duty owed by Defendant.

73.   The disclosure of the confidential and protected information of the Plaintiff and the Class damaged them by exposing their private information to persons who lacked any right or entitlement to know their private information.

74.   The Plaintiff and others have suffered a compensable loss arising from the disclosure of their protected private and financial information.

75.     The Class has likewise suffered a compensable loss arising from the disclosure of their protected private and financial information.

**WHEREFORE**, as to Count Three, Plaintiff, on behalf of himself and the putative Class members, hereby requests a Judgment against Defendant,

a.  Granting class certification of the Class under R. 4:32-1(b)(3);

b.  A money judgment for compensatory damages based on the Defendant's disclosure of the Plaintiff and Class' private information;

c.  For attorney's fees, litigation expenses and costs in connection with this action;

d.  For pre-judgment and post-judgment interest; and

e.  For such other and further relief as the Court deems equitable and just.

### FOURTH COUNT
### INVASION OF PRIVACY ON BEHALF OF THE CLASS

76.     Plaintiff repeats and realleges all prior allegations as if set forth at length herein.

77.     Defendant invaded the privacy of Plaintiff by unreasonable publication of private facts.

78.     These private facts, Plaintiff's financial information, are actually private matters, the dissemination of such facts would be offensive to a reasonable person and there is no legitimate interest of the public in being apprised of the facts publicized.

79.     Expert testimony is not required to establish that the disclosure of confidential financial information invaded a person's privacy.

80.     By publishing the private financial information of the Plaintiff and the Class, Defendant damaged them by exposing their private information to persons who lacked any right or entitlement to know their private financial information.

81.     The Plaintiff and others have suffered a compensable loss arising from the

invasion of their privacy.

82.    The Class has likewise suffered a compensable loss arising from the invasion of their privacy.

**WHEREFORE,** as to Count Four, Plaintiff, on behalf of himself and the putative Class members, hereby requests a Judgment against Defendant,

a.  Granting class certification of the Class under R. 4:32-1(b)(3);

b.  A money judgment for compensatory damages based on the Defendant's invasion of the privacy of the Plaintiff and Class;

c.  For attorney's fees, litigation expenses and costs in connection with this action;

d.  For pre-judgment and post-judgment interest; and

e.  For such other and further relief as the Court deems equitable and just.

### COUNT FIVE
### FAIR DEBT COLLECTION PRACTICES ACT FOR THE FDCPA SUBCLASS

83.    Plaintiff repeats and realleges all prior allegations as if set forth at length herein.

84.    Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

85.    The Debt is a "debt" within the meaning of 15 U.S.C. §1692a(5).

86.    Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

87.    The FRS Letters are "communication[s]" as defined by 15 U.S.C. § 1692a(2).

88.    Defendant sent the FRS Letters in an attempt to collect a "debt" within the meaning of 15 U.S.C. §1692a(5).

89.    Defendant violated the FDCPA including sections 1692c, 1692c(b), 1692d, 1692d(3), and 1692f of the FDCPA.

90.    Based on any one of those violations, Defendant is liable to Plaintiff and the Class for statutory damages, attorney's fees and costs under 15 U.S.C. § 1692k.

**WHEREFORE**, as to Count Five, Plaintiff, on behalf of himself and the putative Class members, hereby requests a Judgment against Defendant, Financial Recovery Services, Inc.,

    a.  An order certifying that the Cause of Action may be maintained as a class pursuant to R. 4:32 including defining the class, defining the class claims, and appointing Plaintiff as the class representative and the undersigned attorney as class counsel;

    b.  An award of statutory damages for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A) and § 1692k(a)(2)(B)(i);

    c.  An award of statutory damages for the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

    d.  Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

    e.  For pre-judgment and post-judgment interest; and

    f.  For such other and further relief as may be just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues subject to trial by jury.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Yongmoon Kim is designated as trial counsel for Plaintiff.

### CERTIFICATION

Pursuant to Rule 4:5-1, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I further certify that I know of no party who should be joined in this action at this time.

I hereby certify that pursuant to Rule 1:38-7: All confidential identifiers of the parties to this action have been redacted from all documents or pleadings submitted to the Court.

# Civil Case Information Statement

## Case Details: ESSEX | Civil Part Docket# L-003924-21

Case Caption: SCIBILIA EDWARD VS FINANCIAL
RECOVERY S ERVICES,

Case Initiation Date: 05/17/2021

Attorney Name: YONGMOON KIM

Firm Name: KIM LAW FIRM LLC

Address: 411 HACKENSACK AVE STE 701
HACKENSACK NJ 07601

Phone: 2012737117

Name of Party: PLAINTIFF : Scibilia, Edward

Name of Defendant's Primary Insurance Company
(if known): Unknown

Case Type: COMPLEX COMMERCIAL

Document Type: NJ eCourts Case Initiation Confirmation

Jury Demand: YES - 6 JURORS

Is this a professional malpractice case? NO

Related cases pending: NO

If yes, list docket numbers:

Do you anticipate adding any parties (arising out of same
transaction or occurrence)? NO

Are sexual abuse claims alleged by: Edward Scibilia? NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? YES

Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:

Do you or your client need any disability accommodations? NO
    If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
    If yes, for what language:

Please check off each applicable category: Putative Class Action? YES  Title 59? NO  Consumer Fraud? YES

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/17/2021                                                          /s/ YONGMOON KIM
Dated                                                                        Signed

ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK        NJ 07102
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (973) 776-9300
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:   MAY 18, 2021
                    RE:     SCIBILIA EDWARD  VS FINANCIAL RECOVERY S ERVICES,
                    DOCKET: ESX L -003924 21

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 4.

    DISCOVERY IS PRESUMPTIVELY 450 DAYS BUT MAY BE ENLARGED OR SHORTENED BY THE
JUDGE AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST
DEFENDANT, WHICHEVER COMES FIRST.
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE MANAGING JUDGE ASSIGNED IS:  HON KEITH E. LYNOTT

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      002
AT:  (973) 776-9300 EXT 56908.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.
                    ATTENTION:
                            ATT: YONGMOON KIM
                            KIM LAW FIRM LLC
                            411 HACKENSACK AVE STE 701
                            HACKENSACK       NJ 07601

ECOURTS